# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY MAKOSKY,
       Appellant,

    v.

UNITED STATES POSTAL SERVICE,
       Agency.

DOCKET NUMBER
SF-0752-17-0132-I-1

DATE: April 17, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey Makosky</u>, San Ysidro, California, pro se.

<u>Donna M. Butler</u>, San Diego, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction the appeal of his termination. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Following several months of service in a temporary Postal Support Employee Laborer Custodian position, the appellant was converted on September 3, 2016, to the same position, but as a career, full-time employee. Initial Appeal File (IAF), Tab 4 at 28.  He was advised that his appointment was subject to a 90-day probationary period. *Id.*  On November 30, 2016, the agency informed the appellant that his employment would permanently end, effective November 28, 2016,[2] due to his failure to meet the agency's Standards of Conduct. *Id.* at 12.

¶3      On appeal to the Board, the appellant challenged the action, arguing that his performance was satisfactory, that he had not received timely evaluations, that he

[2] The memorandum indicated that the appellant would receive administrative leave for the remainder of his scheduled tour, through November 30, 2016.  IAF, Tab 4 at 12. However, the Postal Service Form 50 shows the effective date of the termination as November 26, 2016.  *Id.* at 14.  For the reasons set forth in this decision, none of these inconsistences has any bearing on the disposition of this appeal. *Vena v. Department of Labor*, 111 M.S.P.R. 165, ¶ 9 (2009).

was denied union representation, and that he was "let go" just 6 days before the end of his probationary period.  IAF, Tab 1 at 5.  He also stated that he was a preference eligible, *id.* at 1-5, and that he had 7 years of Government service, *id.* at 1.  He requested a hearing.  *Id.* at 2.

¶4　　　The administrative judge issued an order explaining the ways in which the appellant could establish the Board's jurisdiction over his appeal; specifically, by nonfrivolously alleging that, at the time of his termination, he was serving under a Veterans Readjustment Appointment (VRA), that he had completed 1 year of current, continuous service in the same or similar positions, or that he satisfied the requirements for an appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994  (USERRA).  IAF, Tab 3.  The administrative judge also advised the appellant that his submission on jurisdiction must be received by December 21, 2016, that the record on jurisdiction would close on December 30, 2016, and that, if he made nonfrivolous allegations of jurisdiction, he would be entitled to a hearing.  *Id.*  The agency urged that the appeal be dismissed for lack of jurisdiction.  IAF, Tab 4.

¶5　　　The appellant made numerous submissions, some before the close of the record, IAF, Tabs 5-7, and most after the close of the record, IAF, Tabs 8, 10-15, 18-22, but none addressed the issue of the Board's jurisdiction over his appeal.

¶6　　　In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 23, Initial Decision (ID) at 1, 13.  He found that the Board lacks jurisdiction over the appeal as a removal under 5 U.S.C. chapter 75, ID at 5-8, as a probationary termination under 5 C.F.R. part 315, subpart H, ID at 8-10, or as a USERRA appeal, ID at 10-12.

¶7　　　The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.[3]

---

[3] The appellant timely filed a pleading which the Office of the Clerk of the Board construed as a request for an extension of time in which to file a supplement in support

## ANALYSIS

¶8    On review, the appellant states only that he is seeking an attorney to sue the agency under a variety of legal theories and that he will seek reimbursement of fees when he files charges against all parties "who lied in the statements" they provided.  PFR File, Tab 1 at 3.

¶9    Initially, to the extent the appellant suggests that he was hampered in presenting his appeal before the Board because he appeared without representation, it is well settled that an appellant has the burden of obtaining representation because the Board's regulations do not provide for appointing counsel.  *Hackett v. U.S. Postal Service*, 31 M.S.P.R. 597, 599-600 (1986); 5 C.F.R. § 1201.31.  The appellant was clearly apprised of his right to designate a representative, and yet he did not do so.  IAF, Tab 2 at 6-7.

¶10    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Although the administrative judge carefully explained to the appellant the means by which he could establish the Board's jurisdiction over his appeal, and afforded him the opportunity to make nonfrivolous allegations in support of his claim, IAF, Tab 2, he failed to do so.

¶11    The administrative judge properly found that the appellant did not nonfrivolously allege that the Board has jurisdiction over his appeal under 5 U.S.C. chapter 75 because, while the record shows, and the administrative judge

---

of his petition for review, PFR File, Tab 3, and the Office of the Clerk of the Board granted a limited extension until March 1, 2017, PFR File, Tab 4.  The appellant's subsequent January 2017 submissions were rejected and returned to him on the bases that they did not constitute a single supplement to his petition for review, PFR File, Tab 5, and his February 2017 submission was rejected and returned to him because the appellant asked the Board to reject it so that he could file a single, perfected supplement by March 1, 2017, PFR File, Tab 6.  However, the appellant made no further submissions.  The agency did not respond to the appellant's petition for review.

found, that the appellant is a preference eligible, IAF, Tab 4 at 14, 28, 86; ID at 5-6, he failed to nonfrivolously allege, and the record does not otherwise reflect, that he had 1 year of current, continuous service in the same or similar position, as required by 5 U.S.C. § 7511(a)(1)(B), and, therefore, he is not an "employee" with appeal rights to the Board under 5 U.S.C. chapter 75, *Paige v. U.S. Postal Service*, 106 M.S.P.R. 299, ¶ 11 (2007); ID at 5-8. Specifically, the administrative judge found that, despite the appellant's claim that he had 7 years of Government service, the record showed that, at the time he was terminated, he had, at most, little more than 5 months of current continuous service in a custodial position, IAF, Tab 4 at 28, 32-70, and that, to the extent he has military service, it cannot be tacked onto civilian service for the purpose of meeting current continuous requirements, *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶¶ 15-18 (2004); ID at 5-8.

¶12     The administrative judge also properly found that the appellant did not nonfrivolously allege that the Board has jurisdiction over his appeal under 5 C.F.R. part 315, subpart H. ID at 8-10. Pursuant to 38 U.S.C. § 4214(b)(1)(E), a VRA appointee who is terminated within 1 year, for post-appointment reasons, has a limited right to appeal his termination to the Board if he raises a nonfrivolous allegation that his termination was based on partisan political reasons or marital status, or on pre-appointment reasons. *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 14-15 (1996). As the administrative judge found, however, the appellant did not allege, and the record does not reflect, that his appointment to the agency was under the VRA program. IAF, Tabs 1, 4 at 28; ID at 9.

¶13     Finally, the administrative judge properly found that the appellant failed to nonfrivolously allege that the Board has jurisdiction over his appeal under USERRA. ID at 10-12. To establish Board jurisdiction over a USERRA claim under 38 U.S.C. § 4311(a), an appellant must allege that he is a member or applied to be a member of, or performs or performed in, a unformed service, or

had an application or obligation to perform such service, and that his termination was due to such membership, application for membership, performance of service, application for service, or obligation for such. Acknowledging that the Board utilizes a liberal approach in determining jurisdiction under USERRA, *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014), the administrative judge repeated his earlier finding that the appellant is a preference-eligible veteran and that he therefore served in the uniformed service, but the administrative judge found that the appellant failed to allege in any way, nor did the record show, that his termination was due to his unformed service.[4]  IAF, Tabs 1, 4 at 15-16; ID at 11-12.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] The administrative judge noted the appellant's claim, in a submission provided after his initial appeal, that he filed a complaint with the Department of Labor on December 28, 2016.  IAF, Tab 8.  The administrative judge found, however, that the appellant had not submitted a copy of any such complaint, and that, even assuming he filed it when he alleged, it would have been after he had filed his Board appeal, and it therefore would have no bearing on the Board's jurisdiction over the appeal.  5 C.F.R. § 1208.11(b); ID at 12 n.8.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.